UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON ALARIE,

        Plaintiff,

v.

JOHN ALARIE, et al.,

        Defendants.

Case No. 5:25-cv-10008
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 51)

**A.   Instant Motion**

Currently, before the Court is Plaintiff's April 13, 2025 motion for appointment of counsel (ECF No. 51.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* civil proceedings.

**B.   Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment

of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphases added). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

## C. Analysis

### 1. Probable merit of Plaintiff's claims

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono* counsel who are willing and available and the large number of those who would

like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice.

Here, the Court has not yet ruled on any of the several motions to dismiss from Defendants L'Anse Creuse Public Schools (ECF No. 23), Bonnie and John Alarie (ECF No. 25), Chesterfield Township and Chesterfield Township Police Department (ECF No. 39), and Macomb County, Sheriff Anthony Wickersham, and Macomb County Sheriff's Department (ECF No. 33). Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature.

The Court also notes that Defendant L'Anse Creuse Public Schools filed a response to Plaintiff's motion to appoint counsel (ECF No. 57), and Defendants Chesterfield Township Police Department and Township of Chesterfield concurred with the response (ECF No. 59). The Undersigned handles one or two dozen such requests for appointment of counsel in civil cases annually and is well-aware of the standards that apply. It is highly unusual for defense counsel to file papers in opposition to these types of motions, most likely because attorneys generally recognize that it is often less frustrating to litigate against people who have counsel, as opposed to those who do not, particularly in light of their relative unfamiliarity with the rules and the fact that the Court holds *pro se* complaints to

"less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Most pertinently, the Court observes that on July 7, 2025 *Plaintiff filed a motion for voluntary dismissal of the action* (ECF No. 60) and Defendants have responded to the voluntary dismissal (ECF Nos. 61-64).

2.  **Nature of the case and complexity of the issue**

Plaintiff states that the issues within the case raise extraordinarily complex factual and legal issues. Allegedly having endured severe trauma and physical injury, Plaintiff believes that this case surpasses the capacity of an untrained litigant such as himself to handle effectively. (ECF No. 51, PageID.1074-75.) It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for *pro se* litigants.

Plaintiff alleges that because the scope of the case creates potential conflicts, he faces insurmountable obstacles, such as the discovery process. However, assistance in conducting discovery does not constitute an exceptional circumstance. *See Ouellette v. Beverly Hills*, No. 15-cv-11604, 2016 U.S. Dist. LEXIS 141626, at *4 (E.D. Mich. Oct. 13, 2016). Furthermore, Plaintiff states that because some Defendants are government agencies and law-enforcement officials, they have institutional resources and experience, whereas he must navigate without those advantages. (ECF No. 51. PageID.1075.) Nevertheless, numerous *pro se*

4

litigant cases involve law enforcement officers, placing the plaintiff in no worse position than other *pro se* individuals seeking legal representation.

Finally, Plaintiff states that Defendant John Alarie has already lied under oath in state court and submitted a sworn affidavit containing falsehoods in what apparently was a successful effort to dismiss Plaintiff's case on immunity grounds. (*See* ECF No. 57, PageID.1564.)  Plaintiff argues that these deceptions show that Defendants' have manipulated evidence and misled authorities, and that Plaintiff cannot level the playing field without experienced counsel.  However, parties frequently have divergent versions of the facts under oath, and there is nothing unusual or extraordinary presented in this case.  And, as pointed out by Defendant L'Anse Creuse, Plaintiff "has already filed his responses to Defendants' various motions to dismiss, so an attorney appointed to represent Plaintiff in this case would provide little to no value" to him at this juncture. (ECF No. 57, PageID.1567; *see also* ECF Nos. 29, 31, 46.)  Thus, this circumstance does not warrant the appointment of counsel.

### 3. Indigency and ability of Plaintiff to represent himself

Plaintiff contends in his motion for appointment of counsel that he is *not* indigent and "is willing to pay a reasonable fee" however, he has been unable to find any attorney willing to take his case. (ECF. No. 51, PageID.1074.)

Unfortunately, this does not persuade this Court to request appointment of counsel for Plaintiff, because it further shows that it will be difficult to find willing and available lawyers at this time. The Court can hardly be expected to search for an attorney to take this case *pro bono*, *i.e.*, at their own expense, when other attorneys won't even take it for a fee.

Plaintiff mentioned in his motion the *pro bono* client representation program that the Eastern District of Michigan maintains and that he would like the Court to refer this case to that program if necessary, however, Plaintiff may contact them on his own initiative at any time. The Court's assistance in making that contact is not necessary.

Finally, Plaintiff represents that he suffers from psychological trauma that makes self-representation extremely difficult. While the Court acknowledges Plaintiff's claim of mental health issues, Plaintiff's filings illustrate his ability to properly and quite clearly communicate with the Court within the instant action. Plaintiff's assertions of mental impairments standing alone are not enough to justify the appointment of counsel here. *See Deatrick v. Unknown Dalton Unknown Davis Willis Chapman Kristopher Steece*, No. 1:23-cv-12942, 2024 U.S. Dist. LEXIS 105392, at *6 (E.D. Mich. June 12, 2024).

Therefore, the Plaintiff does not present an "exceptional circumstance" which would warrant this Court's intervention at this time. If this case should proceed to

6

trial, the Court can revisit whether to recruit counsel and generally does so at the juncture.

**D. Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 51) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[1]

Dated: July 22, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).