UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON ALARIE,

        Plaintiff,

v.

JOHN ALARIE et al.,

        Defendants.

_____/

Case No. 5:25-cv-10008
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO DISMISS (ECF NO. 60), DISMISS THIS CASE WITHOUT PREJUDICE AND DENY ALL REMAINING MOTIONS AS MOOT (ECF NOS. 23, 25, 37, 39, 53)</u>

## I.  RECOMMENDATION:

The Court should **GRANT** Plaintiff's motion to dismiss and dismiss this case **WITHOUT PREJUDICE**. (ECF No. 60.)  The Court should further **DENY** all remaining motions as moot.

## II.  REPORT

### A. Background

Plaintiff Brandon Alarie, proceeding *in pro per*, initiated this case on January 2, 2025, asserting claims against Defendants John Alarie, Macomb County Sheriff Anthony M. Wickersham, the County of Macomb, Macomb County Sheriff's Department, Bonnie J. Alarie, Datum Precision Machine, Inc., L'Anse

Creuse Public Schools, the Township of Chesterfield, and Chesterfield Township Police Department.  (ECF No. 1.).  Plaintiff filed an amended complaint on April 7, 2025.  (ECF No. 20.)  Plaintiff's 109 page, single-spaced, complaint alleges a broad range of claims revolving around alleged abuse he experienced from family members and the businesses, individuals, and governmental entities who or which allegedly failed to protect him and/or conspired to perpetuate the abuse.  Plaintiff filed a similar case against many of the same Defendants in state court (*see* ECF No. 23-2), and Plaintiff also makes allegations that various Defendants lied in the state court matter.

On April 14, 2025, Defendant L'Anse Creuse Public Schools filed a motion to dismiss, arguing that Plaintiff's claims are barred by the applicable statute of limitations, barred by collateral estoppel and *res judicata*, barred by governmental immunity, and that, even if none of the other arguments applied, Plaintiff's claims nonetheless fail to state a claim upon which relief can be granted.  (ECF No. 23.) Three days later, Defendants John Alarie, Bonnie Alarie and Datum Precision Machine, Inc., filed their own motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that  this Court lacks subject matter jurisdiction because Plaintiff's action sounds in state law, and that Plaintiff's complaint fails to state a claim upon which relief can be granted.  (ECF No. 25.)

2

Next, on May 12, 2025, Plaintiff filed a motion to voluntarily dismiss Anthony Wickersham from this lawsuit without prejudice, combined with a motion to amend his complaint to reflect the dismissal and also to add allegations regarding Defendants John and Bonnie Alarie's purported "criminal use of Scopolamine, a deliriant."  (ECF No. 37, PageID.755.)

On May 15, 2025, Defendants Chesterfield Township Police Department and Township of Chesterfield filed their motion to dismiss.  (ECF No. 39.) Defendants argue that Chesterfield Township Police Department is not a proper party, that the relevant statute of limitations bars Plaintiff's claims, that Plaintiff's claims are also barred by collateral estoppel and *res judicata*, and that the claims against them fail as a matter of law. (*Id.*)

The remaining Defendants, Macomb County, Sheriff Wickersham and the Macomb County Sherif's Office, filed their motion to dismiss on June 20, 2025. (ECF No. 53.)  The Macomb County Defendants argue that Plaintiff's claims are barred by the statute of limitations and the *Colorado River* abstention doctrine, and that Plaintiff fails to plead sufficient facts to state a plausible claim and dismissal is warranted under Fed. R. Civ. P. 12(c).

Finally, on July 7, 2025, Plaintiff filed a motion for voluntary dismissal. (ECF No. 60.)  Plaintiff indicates in his motion that he no longer wishes to pursue

3

this matter, and requests that the Court dismiss it "without prejudice as the Court deems appropriate." (ECF No. 60, PageID.1585.)

The case has been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 32.)

## B. Standard

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). After service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).  Whether to grant a Rule 41(a)(2) motion lies within the sound discretion of a district court. *See Booth Family Tr. v. Jeffries*, 640 F.3d 134, 141 (6th Cir. 2011); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

"The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019).  "[A]n abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, *as opposed to facing the mere prospect of a second lawsuit.*" *Id.* (citing *Grover*, 33 F.3d at 718) (emphasis added).  In determining whether a defendant

4

will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017).

## C. Discussion

### 1. Dismissal

Plaintiff states in his motion that he "brought this action in good faith based on severe harm and severe injuries, including repeated acts of sexual abuse, chemical incapacitations, hospitalizations, and other harm by Defendants." (ECF No. 60, PageID.1585.) Plaintiff further contends that he lost his case in state court based on a default judgment and that, "[d]espite Plaintiff's sincere efforts to pursue justice through this Court, the ongoing litigation has placed an emotional and psychological burden on Plaintiff . . . ." (*Id.*) Plaintiff "believes that continuing this action under the current circumstances would not be in the best interest of his mental health, well-being, or pursuit of healing." (*Id.*) Thus, Plaintiff requests that

the Court "voluntarily dismiss this action in its entirety against all named Defendants, without prejudice as the Court deems appropriate." (*Id.*)

Defendants Chesterfield Township and Chesterfield Township Police Department (the "Chesterfield Defendants") filed a response to Plaintiff's motion, arguing that they would suffer prejudice if Plaintiff's case were to be dismissed without prejudice. Citing the *Grover* factors, they assert that Defendants have expended significant expense in defending this case as they have brought a motion to dismiss, and that Plaintiff has not been diligent in prosecuting this case, as evinced by the delay between the alleged underlying incident and the filing of the lawsuit. (ECF No. 61, PageID.1592-93.) Defendants also argue that Plaintiff has given an inadequate basis for seeking a dismissal without prejudice and that, if the Court were inclined to grant the dismissal without prejudice, it should condition the dismissal on an award of costs. (ECF No. 61, PageID.1593.)

Defendants John Alarie, Bonnie Alari, and Datum Precision Machine filed a notice of concurrence and joinder in the Chesterfield Defendants' response, asserting that if dismissal is without prejudice it should be conditioned upon an award of costs and fees. (ECF No. 63., PageID.1598.)

After considering the arguments of all parties, the Court should grant Plaintiff's motion and dismiss the case without prejudice.

6

First, under Sixth Circuit precedent, the Court cannot condition a Rule 41(a)(2) dismissal on being with prejudice at its discretion, unless Plaintiff is first given the opportunity to withdraw his motion. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575-76 (6th Cir. 2010) (citing *United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996)). Indeed, *One Tract* laid out "three factors [that] must be considered in determining whether a court abused its discretion when it dismissed a complaint with prejudice in response to a plaintiff's request for dismissal without prejudice":

> First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation.

95 F.3d at 425–26 (citations omitted). The third requirement, allowing the plaintiff a chance to withdraw the request for voluntary dismissal, "is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010) (quoting *One Tract*, 95 F.3d at 426). Here, because Plaintiff requested a dismissal without prejudice, and because the Court has not given him an

7

opportunity to withdraw the request, a dismissal with prejudice is not proper under *One Tract.*[1]

Turning to the *Grover* factors, the Court should find they weigh in favor of granting the motion to dismiss without prejudice. Contrary to Defendants' argument, Plaintiff has set forth a sufficient explanation for his request for dismissal. Defendants provide no reason to discredit Plaintiff's statements that "the ongoing litigation has placed an emotional and psychological burden on Plaintiff" and that he "believes that continuing this action under the current circumstances would not be in the best interest of his mental health, well-being, or pursuit of healing."[2] (No. 60, PageID.1585.) The Court finds this a justifiable and reasonable explanation, and courts have upheld Rule 41 dismissals with more paltry explanations. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (finding no abuse of discretion when district court accepted plaintiffs' cost-benefit analysis as a reasonable explanation

---

[1] Under the circumstances of this case, with a long prior litigation past prior to this lawsuit, and in consideration of the mental health reasons proffered by Plaintiff for the dismissal, the Court should not entertain a dismissal with prejudice by providing Plaintiff an opportunity to withdraw the motion. Doing so would cause further stress and emotional toil on Plaintiff, which is the stated basis of the dismissal, and would likely cause Defendants to incur yet additional attorney fees in the potential litigation of that issue.

[2] Treading very carefully to not cast aspersions on Plaintiff, it is noteworthy that a review of Plaintiff's filings suggest that he may be under, at a minimum, a degree of mental strain. (*See* ECF No. 37, PageID.755.)

for seeking dismissal); *see also Malibu Media, LLC*, 705 F. App'x at 408 (finding no abuse of discretion when district court accepted Malibu Media's "scant" explanation that its discovery of [Redacted]'s limited resources did not justify continuing litigation, and [Redacted] failed to show how his financial situation "should have been obvious from the outset").

Further there has not been an excessive delay by Plaintiff in seeking dismissal of the case. Plaintiff initiated his case on January 2, 2025, and filed his motion for voluntary dismissal less than six months later on June 20, 2025. (ECF No. 53.) No Scheduling Order has yet been issued, discovery has not begun, and the case is still, relatively speaking, in its infancy. It is true that Defendants have filed motions to dismiss (ECF Nos. 23, 25, 39, 53), but the motions were filed early in the lawsuit and are based on the pleadings rather than filed under Rule 56 following extensive discovery. Moreover, "[w]hether a dispositive motion is pending is merely a relevant factor under *Grover*; it is not dispositive." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (no abuse of discretion when district court granted motion to dismiss without prejudice despite pending summary judgment motion)); *see also Malibu Media, LLC*, 705 F. App'x at 409 ("The existence of a pending motion for summary judgment is not dispositive."). The pending Rule 12 motions therefore are not determinative as to

9

whether the dismissal should be with or without prejudice, and the Court need only "consider[] the posture of the case," which in this matter favors dismissal. *Walther*, 776 F. App'x at 316.

### 2. Conditions

Having recommended that the Court grant Plaintiff's motion without prejudice, I also recommend that the Court place a reasonable condition on that dismissal. Rule 41(a)(2) is a "discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal as the court deems proper." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) (citation and internal quotation marks omitted); *Walther,* 776 F. App'x at 318 ("Conditions may be imposed on a voluntary dismissal to alleviate the harm caused to the defendant by the dismissal.").

Defendants suggest that Plaintiff should be responsible for their costs and attorney fees if the Court dismisses the case without prejudice. The Sixth Circuit has allowed such a condition in the past. *See Chandler v. Case W. Rsrv. Univ.*, 57 F. App'x 683, 686 (6th Cir. 2003)("[U]nder the circumstances, it was proper to condition Chandler's ability to refile on her paying defendant's attorney fees."). Ordering attorney fees at this stage would involve a lengthy and onerous undertaking to determine Defendants' exact fees, and such a process would undoubtedly incur additional fees and undermine the basis for the dismissal. And,

10

further, much if not most of Defendants' motions could be recycled if Plaintiff were to re-file this lawsuit. Accordingly, I do not recommend conditioning the dismissal on Plaintiff paying for Defendants attorney fees at this time.

However, I have reviewed Defendants' motions to dismiss and the arguments raised therein are facially strong. Plaintiff should take a very close look at the authority cited by Defendants before choosing to re-file this lawsuit. While I have recommended the dismissal of this action without prejudice, if Plaintiff were to re-file this lawsuit without a Rule 11 basis, *i.e.*, without a good faith basis, a subsequent court could consider Plaintiff's conduct in voluntarily dismissing here, in the face of Defendants' dismissal motions, only to re-file on the same basis, as vexatious and *potentially* sanctionable. While I am not definitively ruling on the arguments raised in Defendants' motions to dismiss, Plaintiff should think very carefully before deciding to re-file this case in the future.

### D. Conclusion

Accordingly, after considering the *Grover* factors, which "are neither exhaustive nor conclusive," *Walther*, 776 F. App'x at 316, the Court should **GRANT** Plaintiff's motion without prejudice. *See Malibu Media, LLC v. [Redacted]*, 705 F. App'x at 407 (6th Cir. 2017) ("These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to

11

dismiss."). The Court should further **DENY** all remaining pending motions as moot (ECF Nos. 23, 25, 37, 39, 53).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

12

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE