# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Brandon Alarie,

                    Plaintiff,        Case No. 25-10008

v.                               Judith E. Levy
                               United States District Judge

John Alarie, *et al.*,

                               Mag. Judge Anthony P. Patti

                Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [67]

Before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation ("R&R") recommending the Court grant Plaintiff's motion to dismiss (ECF No. 60), dismiss the case without prejudice, and deny all remaining motions as moot. (ECF Nos. 23, 25, 37, 39, 53.)

The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the R&R and concurs in the reasoning and result.[1]

---

[1] The Court notes that the dismissal of this suit against all Defendants is done pursuant to Federal Rule of Civil Procedure 41(a)(2) as specifically requested by

Accordingly,

The Report and Recommendation (ECF No. 67) is ADOPTED;

Plaintiff's motion to dismiss (ECF No. 60) is GRANTED;

The remaining motions (ECF Nos. 23, 25, 37, 39, 53) are DENIED AS MOOT; and,

This case is hereby DISMISSED WITHOUT PREJUDICE.[2]

IT IS SO ORDERED.

Dated: March 11, 2026          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

---

Plaintiff. (ECF No. 60, PageID.1585 (moving for dismissal under Rule 41(a)(2)).) The Court clarifies that several Defendants— L'Anse Creuse Public Schools, John Alarie, Bonnie Alarie, Datum Precision Machine, Inc., Chesterfield Township Police Department, and Township of Chesterfield—were eligible for dismissal without a court order under Rule 41(a)(1) because they had not filed an answer or motion to dismiss. However, Plaintiff is not required to seek dismissal under Rule 41(a)(1), and may nonetheless seek dismissal under Rule 41(a)(2) against Defendants who could be dismissed without a court order. *See Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020). As such, dismissal of this suit will proceed under Rule 41(a)(2).

[2] By failing to object to the Report and Recommendation, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
